DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
DANNY CHOU, State Bar #180240
CHAD JACOBS, State Bar #209560
ANN O'LEARY, State Bar #238408
Deputy City Attorneys
#1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:    (415) 554-4675
Facsimile:    (415) 554-4675
E-Mail:       wayne.snodgrass@sfgov.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND AND BUILDING OWNERS and MANAGERS ASSOCIATION OF SAN FRANCISCO INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE, political action committees organized under the laws of California and of the City and County of San Francisco,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, KAMALA K. HARRIS, in her official capacity as District Attorney of the City and County of San Francisco, the SAN FRANCISCO ETHICS COMMISSION of the City and County of San Francisco, and CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendants. | Case No. C 07 3199 JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

On behalf of themselves and no other persons or entities, defendants Dennis Herrera, City Attorney of the City and County of San Francisco; Kamala D. Harris, District Attorney of the City and County of San Francisco; the San Francisco Ethics Commission; and the City and County of San Francisco ("the City") (collectively "Defendants") hereby answer and respond to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), filed on or about June 18, 2007, as follows:

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendants admit that the contents of the City's Campaign Finance Reform Ordinance (the "Ordinance") speak for themselves. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1, and deny the same on that basis.

2. Answering paragraph 2 of the Complaint, Defendants admit that the definitions contained in California Government Code section 82031 speak for themselves. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 2, and deny the same on that basis.

3. Defendants deny the allegations contained in paragraph 3.

4. Answering paragraph 4 of the Complaint, Defendants admit that the contents of San Francisco Campaign & Government Conduct Code ("SF C&GCC") section 1.114(c)(1) speak for themselves. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendants admit that the contents of SF C&GCC section 1.114(c)(2) speak for themselves. Defendants deny each and every remaining allegation contained in paragraph 5.

6. Answering paragraph 6 of the Complaint, Defendants admit that the contents of SF C&GCC section 1.114(c)(2) speak for themselves. Defendants deny each and every remaining allegation contained in paragraph 6.

7. Answering paragraph 7 of the Complaint, Defendants admit that the contents of SF C&GCC section 1.114(c)(2) speak for themselves. Defendants deny each and every remaining allegation contained in paragraph 7.

8.    Answering paragraph 8 of the Complaint, Defendants admit that the contents of SF C&GCC section 1.114(c)(2) speak for themselves. Defendants deny each and every remaining allegation contained in paragraph 8.

9.    Answering paragraph 9 of the Complaint, Defendants admit that the First Amendment of the United States Constitution (as made applicable to states and municipalities by the Fourteenth Amendment to the United States Constitution) contains guarantees of free speech and association. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 9.

## JURISDICTION

10.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and deny the same on that basis.

11.    Answering paragraph 11 of the Complaint, Defendants admit that the laws and Constitution of the United States protect certain speech and associational rights. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and deny the same on that basis.

12.    Answering paragraph 12 of the Complaint, Defendants admit that the Ordinance – whose contents speak for themselves – is operative and codified in the SF C&GCC. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 12.

13.    Defendants admit that Plaintiffs' Exhibit A contains a copy of SF C&GCC sections 1.100 through 1.178.

## VENUE AND INTRADISTRICT ASSIGNMENT

14.    Answering paragraph 14 of the Complaint, Defendants admit that each Defendant maintains its principal office and conducts official business in the City and County of San Francisco, State of California, which is contained in this judicial district. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and deny the same on that basis.

15.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and deny the same on that basis.

**THE PARTIES**

16. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and deny the same on that basis.

17. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and deny the same on that basis.

18. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and deny the same on that basis.

19. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and deny the same on that basis.

20. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and deny the same on that basis.

21. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and deny the same on that basis.

22. Answering paragraph 22 of the Complaint, Defendants admit that sections 1.114(c)(1) and (2) of the Ordinance – which speak for themselves – are operative. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, and deny the same on that basis.

23. Answering paragraph 23 of the Complaint, Defendants admit that the Ordinance and the San Francisco Charter, which speak for themselves, set forth the responsibilities of the City Attorney with respect to enforcement of the Ordinance. Defendants further admit that the Complaint names Dennis Herrera in his official capacity as City Attorney as a Defendant in this action. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 23.

24. Answering paragraph 24 of the Complaint, Defendants admit that the Ordinance and the San Francisco Charter, which speak for themselves, set forth the responsibilities of the District Attorney with respect to enforcement of the Ordinance. Defendants further admit that the Complaint names Kamala D. Harris in her official capacity as District Attorney as a Defendant in this action. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 24.

25. Answering paragraph 25 of the Complaint, Defendants admit that the Ordinance and the San Francisco Charter, which speak for themselves, set forth the responsibilities of the Ethics Commission with respect to enforcement of the Ordinance and receipt of campaign disclosure reports required by the Ordinance. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 25.

26. Defendants admit the allegations contained in paragraph 26.

**GENERAL ALLEGATIONS**

27. Defendants admit the allegations contained in paragraph 27.

28. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and deny the same on that basis.

29. Answering paragraph 29 of the Complaint, Defendants admit that the contents of the Ordinance speak for themselves. Defendants deny each and every remaining allegation contained in paragraph 29.

30. Answering paragraph 30 of the Complaint, Defendants admit that the Board of Supervisors enacted Ordinance 261-73 related to campaign finance in 1973 whose contents speak for themselves. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 30.

31. Answering paragraph 31 of the Complaint, Defendants admit that various provisions in Ordinance 261-73 were amended and that the amended provisions speak for themselves. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 31.

32. Answering paragraph 32 of the Complaint, Defendants admit that the San Francisco City Attorney issued a number of public opinions interpreting prior versions of the Ordinance, and admit that those opinions and the terms of the Ordinance as interpreted by the City Attorney speak for themselves. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 32.

33. Answering paragraph 33 of the Complaint, Defendants admit that the District Court for the Northern District of California issued an order granting a motion for a preliminary injunction on September 8, 1999 in *San Franciscans for Sensible Government, et al. v. Louise Renne, et al.*, No.

1  C-99-2456-CW (N.D. Cal.). Defendants further admit that the order speaks for itself. Except as
2  expressly admitted, Defendants deny each and every allegation contained in paragraph 33.

3      34.    Answering paragraph 34 of the Complaint, Defendants admit that the Ninth Circuit
4  Court of Appeals affirmed the order of the district court and that the Ninth Circuit's decision speaks
5  for itself. Except as expressly admitted, Defendants deny each and every allegation contained in
6  paragraph 34.

7      35.    Answering paragraph 35 of the Complaint, Defendants admit that the City has
8  amended the Ordinance since 1999 and that those amendments speak for themselves. Except as
9  expressly admitted, Defendants each and every allegation contained in paragraph 35.

10      36.    Answering paragraph 36 of the Complaint, Defendants admit that Ordinance sections
11  1.04(a), 1.104(f) and 1.100(b)(7) speak for themselves. Except as expressly admitted, Defendants
12  deny each and every allegation contained in paragraph 36.

13      37.    Answering paragraph 37 of the Complaint, Defendants admit that the Ordinance
14  speaks for itself. Except as expressly admitted, Defendants deny each and every allegation contained
15  in paragraph 37.

16      38.    Answering paragraph 38 of the Complaint, Defendants admit that the Ordinance
17  speaks for itself. Except as expressly admitted, Defendants deny each and every allegation contained
18  in paragraph 38.

19      39.    Answering paragraph 39 of the Complaint, Defendants admit that SF C&GCC
20  Ordinance section 1.114(c)(1) speaks for itself. Defendants lack information sufficient to form a
21  belief as to the truth of any remaining allegations contained in paragraph 39, and deny the same on
22  that basis.

23      40.    Answering paragraph 40 of the Complaint, Defendants admit that SF C&GCC
24  Ordinance section 1.114(c)(2) speaks for itself. Defendants lack information sufficient to form a
25  belief as to the truth of any remaining allegations contained in paragraph 40, and deny the same on
26  that basis.

27      41.    Answering paragraph 41 of the Complaint, Defendants admit that SF C&GCC
28  Ordinance section 1.114(c)(3) speaks for itself. Defendants lack information sufficient to form a

1  belief as to the truth of any remaining allegations contained in paragraph 41, and deny the same on that basis.

42. Answering paragraph 42 of the Complaint, Defendants admit that SF C&GCC Ordinance section 1.104(d) and California Government Code section 82013 speak for themselves. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 42, and deny the same on that basis.

43. Answering paragraph 43 of the Complaint, Defendants admit that the contents of the Ordinance and Government Code Section 82013 speak for themselves.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43, and deny the same on that basis.

44. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and deny the same on that basis.

45. Answering paragraph 45 of the Complaint, Defendants admit that Section 1.114(c) of the Ordinance speaks for itself.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45, and deny the same on that basis.

46. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and deny the same on that basis.

47. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and deny the same on that basis.

48. Answering paragraph 48 of the Complaint, Defendants admit that the Ordinance speaks for itself.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48, and deny the same on that basis.

49. Answering paragraph 49 of the Complaint, Defendants admit that section 1.114(c) of the Ordinance speaks for itself.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49, and deny the same on that basis.

50. Answering paragraph 50 of the Complaint, Defendants admit that any orders issued in *OakPAC v. City of Oakland* and *San Jose Silicon Valley Chamber of Commerce Political Action*

1 *Committee v. City of San Jose* speak for themselves.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 50.

51.    Defendants admit that the District Court for the Northern District of California issued an order granting a motion for a preliminary injunction on September 8, 1999 in *San Franciscans for Sensible Government, et al. v. Louise Renne, et al.*, No. C-99-2456-CW (N.D. Cal.), and that the Ninth Circuit Court of Appeals issued a decision on appeal from that order, and that the contents of the District Court's order and the Ninth Circuit's decision speak for themselves.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 51.

52.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and deny the same on that basis.

53.    Answering paragraph 53 of the Complaint, Defendants admit that the Ordinance speaks for itself.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53, and deny the same on that basis.

54.    Defendants deny the allegations contained in paragraph 54.

55.    Defendants deny the allegations contained in paragraph 55.

56.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and deny the same on that basis.

57.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and deny the same on that basis.

**FIRST CLAIM**

58.    Defendants reallege and incorporate by reference paragraphs 1 through 57 above.

59.    Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and deny the same on that basis.

60.    Answering paragraph 60 of the Complaint, Defendants deny that the Ordinance violates the First and Fourteenth Amendments to the United States Constitution, either on its face or as implemented and enforced.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60, and deny the same on that basis.

61. Answering paragraph 61 of the Complaint, Defendants admit that it is Defendants' position that SF C&GCC sections 1.114(c)(1) and 1.114(c)(2) are constitutional. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61, and deny the same on that basis.

62. Defendants deny the allegations contained in paragraph 62.

63. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and deny the same on that basis.

## SECOND CLAIM

64. Defendants reallege and incorporate by reference paragraphs 1 through 57 above.

65. Defendants deny the allegations contained in paragraph 65.

## THIRD CLAIM

66. Defendants reallege and incorporate by reference paragraphs 1 through 57 above.

67. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and deny the same on that basis.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and deny the same on that basis.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

1. Answering the allegations contained in the entirety of Plaintiffs' prayer for relief, Defendants deny that Plaintiffs are entitled to the relief sought, or to any relief.

2. Defendants assert that any allegation of the Complaint not expressly admitted above is hereby denied or is denied on the basis that Defendants lack sufficient information with which to admit or deny any such allegation.

## SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES

1. The Complaint fails to state facts sufficient to constitute any claim upon which relief can be granted against Defendants, or any of them.

2. Defendants, and each of them, did not deprive plaintiffs of any right or privilege guaranteed by the Constitution or laws of the United States or California.

3. The Complaint does not present a case or controversy.

4. The Complaint is not ripe for adjudication by this Court.

5. This Court should abstain from hearing and deciding this action.

6. Some or all of Plaintiffs lack standing to maintain this action.

7. The Complaint is barred by all applicable statutes of limitation.

8. The Complaint is barred by the doctrine of laches.

9. The Complaint is barred by the doctrines of estoppel and waiver.

10. Defendants' investigation into the issues raised in the Complaint is at the preliminary stages, and therefore Defendants reserve the right to amend this Answer to add further affirmative defenses when they are discovered.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that

1. Plaintiffs take nothing by way of this action;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

3. Defendants be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.

Dated: July 9, 2007

                        DENNIS J. HERRERA
                        City Attorney
                        WAYNE SNODGRASS
                        DANNY CHOU
                        CHAD JACOBS
                        ANN O'LEARY
                        Deputy City Attorneys

                        By:_____/s/_____
                            WAYNE SNODGRASS