| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | FREDERICK K. LOWELL #66641 |
| 2 | BRUCE A. ERICSON #76342 |
| | ANITA D. STEARNS MAYO #142749 |
| 3 | MARC H. AXELBAUM #209855 |
| | AUGUST O. STOFFERAHN #229957 |
| 4 | 50 Fremont Street |
| | Post Office Box 7880 |
| 5 | San Francisco, CA  94120-7880 |
| | Telephone: (415) 983-1000 |
| 6 | Facsimile: (415) 983-1200 |
| 7 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND and BUILDING OWNERS AND MANAGERS ASSOCIATION OF SAN FRANCISCO INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE, political action committees organized under the laws of California and of the City and County of San Francisco,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, KAMALA D. HARRIS, in her official capacity as District Attorney of the City and County of San Francisco, the SAN FRANCISCO ETHICS COMMISSION of the City and County of San Francisco, and CITY AND COUNTY OF SAN FRANCISCO,<br><br>                    Defendants. | No. C-07-3199 JSW<br><br>**DECLARATION OF MARC L. INTERMAGGIO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  September 17, 2007<br>Time:  1:30 p.m.<br>Judge:  Hon. Jeffrey S. White<br>Courtroom:  2<br><br>Filed concurrently:<br>1. Memorandum of Points & Authorities<br>2. Declaration of Nathan Nayman<br>3. Request for Judicial Notice<br>4. Proposed Order |

I, **MARC L. INTERMAGGIO**, declare:

1. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Injunction. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. I am the Executive Vice President of the Building Owners and Managers Association of San Francisco ("BOMA-SF") and serve as BOMA-SF's Corporate Secretary. BOMA-SF is a California nonprofit mutual benefit corporation primarily organized to advance the commercial real estate industry in San Francisco, San Mateo, Marin and Sonoma counties through advocacy, professional development, and information exchange.

3. As Executive Vice President of BOMA-SF, I develop strategic plans and programs, advocate the interests of the commercial real estate industry before City officials, represent BOMA-SF with other business, community and political organizations, serve as BOMA-SF's spokesperson with the media, coordinate and support the activities of BOMA-SF's political committees, plan meetings and events, and manage employees, consultants and professional services firms.

4. In 1999, BOMA-SF founded, and since 1999 BOMA-SF has sponsored, a political committee (which is one of the Plaintiffs in this action) called the **BUILDING OWNERS AND MANAGERS ASSOCIATION INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE** ("BOMA IE PAC"). I serve as staff to the BOMA IE PAC's Board of Directors.

5. The BOMA IE PAC supports and opposes candidates for political office in San Francisco. The BOMA IE PAC supports candidates that it believes will promote the goals of the commercial real estate industry and broader business community, and that will promote a better quality of life for all San Franciscans.

6. The BOMA IE PAC does not coordinate its efforts or its expenditures with candidates or their campaign committees. Rather, it is (as its name suggests) an

1  "independent expenditure" committee.  It decides on its own who to support or oppose, and
2  then it decides on its own how to spend its money speaking out on issues and candidates.

3     7.    The BOMA IE PAC uses its funds to speak out on issues and candidates.  It
4  does so by a variety of means, including advertisements on buses and bus shelters,
5  advertisements in newspapers, mailers and other communications.

6     8.    The primary source of funds for the BOMA IE PAC is a line-item on annual
7  dues invoices sent to BOMA-SF's members.

8     9.    Although I am not a lawyer, I work in a heavily regulated environment.  As
9  such, I have become familiar with the campaign finance laws that govern BOMA-SF and its
10 political committees, in particular, the San Francisco Campaign Finance Reform Ordinance
11 (the "CFRO").

12    10.   Because it makes independent expenditures to support or oppose candidates
13 for San Francisco political offices, I understand that the BOMA IE PAC is subject to
14 Sections 1.114(c)(1) and 1.114(c)(2) of the CFRO.  (Below I refer to these limits
15 collectively as "Section 1.114(c).")

16    11.   I understand that Section 1.114(c)(1) prevents the BOMA IE PAC from
17 accepting more than $500 from any one source per calendar year.

18    12.   I understand that Section 1.114(c)(2) of CFRO prevents the BOMA IE PAC
19 from accepting any money from a source that has already given, in the aggregate, $3,000 or
20 more in the same calendar year to other committees that make expenditures to support or
21 oppose candidates for San Francisco political offices.

22    13.   The BOMA IE PAC has made independent expenditures supporting and
23 opposing candidates for San Francisco elective office in recent elections, including the
24 November 2006 elections.

25    14.   The BOMA IE PAC would like to make independent expenditures in the
26 November 2007 election and in other elections in years to come.

27    15.   Section 1.114(c) of CFRO substantially impedes the BOMA IE PAC's
28 ability to raise funds and support or oppose candidates for San Francisco elective office.

16. I interact with BOMA IE PAC's contributors. I know that, but for the limits imposed by Section 1.114(c), the BOMA IE PAC could have raised considerably more money in previous years and could raise considerably more money this year.

17. Had Section 1.114(c)'s limits not been in place, the BOMA IE PAC could have disseminated its views about elections held since 2000 far more broadly and far more effectively than it has been able to do.

18. Because of the limits imposed by Section 1.114(c), BOMA-SF's members have been compelled to devote most of their attention to San Francisco ballot initiatives instead of races for political office in San Francisco.

19. Since the enactment of Section 1.114(c), much of the money that BOMA-SF's members would have contributed to the BOMA IE PAC has instead been contributed to BOMA-SF's Ballot Issues PAC (the "BOMA Ballot Issues PAC"), which makes expenditures in connection with ballot initiatives in San Francisco elections.

20. I understand that the law does not limit contributions to issues PACs (such as the BOMA Ballot Issues PAC) that support or oppose ballot initiatives.

21. I understand also that issues PACs (such as the BOMA Ballot Issues PAC) may make unlimited expenditures to support or oppose ballot initiatives.

22. For this reason, since 2000 the BOMA Ballot Issues PAC has been able to raise and spend substantially more money than has the BOMA IE PAC.

23. The BOMA IE PAC is currently attempting to chart a course for raising funds and making independent expenditures for the 2007 election. It must do so promptly if it is to be able to speak out effectively in connection with the 2007 election.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on August 8, 2007, at San Francisco, California.

By _____
Marc L. Intermaggio