PILLSBURY WINTHROP SHAW PITTMAN LLP
FREDERICK K. LOWELL #66641
BRUCE A. ERICSON  #76342
ANITA D. STEARNS MAYO #142749
MARC H. AXELBAUM #209855
AUGUST O. STOFFERAHN #229957
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
marc.axelbaum@pillsburylaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND and BUILDING OWNERS AND MANAGERS ASSOCIATION OF SAN FRANCISCO INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE, political action committees organized under the laws of California and of the City and County of San Francisco,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, KAMALA D. HARRIS, in her official capacity as District Attorney of the City and County of San Francisco, the SAN FRANCISCO ETHICS COMMISSION of the City and County of San Francisco, and CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　　　　　　Defendants. | No. 07-03199<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION** |

1   On August 10, 2007, Plaintiffs Committee on JOBS Candidate Advocacy Fund
2   ("JOBS Fund") and Building Owners and Managers Association of San Francisco
3   Independent Expenditure Political Action Committee ("BOMA IE PAC") moved for a
4   preliminary injunction seeking to prevent Defendants Dennis J. Herrera, Kamala D. Harris,
5   the San Francisco Ethics Commission and the City and County of San Francisco ("City"),
6   and Defendants' agents and employees, from enforcing or otherwise giving effect to
7   sections 1.114(c)(1) and 1.114(c)(2) (collectively, "Section 1.114(c)") of the San Francisco
8   Campaign Finance Reform Ordinance ("CFRO"), codified in the San Francisco Campaign
9   and Governmental Conduct Code, and Regulation 1.114-2 of the Regulations to the CFRO
10  ("CFRO Reg. 1.114-2"), to the extent that that they limit contributions and expenditures by
11  political committees that make independent expenditures supporting or opposing candidates
12  in City elections.  Plaintiffs, in their motion, argue that these provisions violate the First and
13  Fourteenth Amendments to the Constitution of the United States.
14  On September 17, 2007, the motion duly came on for hearing before the Court.
15  Having considered Plaintiffs' motion, Defendants' opposition thereto, Plaintiffs' reply, the
16  declarations of the parties, and the oral arguments presented by counsel, and good cause
17  appearing, the Court GRANTS Plaintiffs' Motion for a Preliminary Injunction and,
18  pursuant to Fed. R. Civ. P. 65(d), finds and concludes as follows:

19                               **FINDINGS AND CONCLUSIONS**

20  1.   The Court grants Plaintiffs' Request for Judicial Notice.  All of the exhibits
21  to Plaintiffs' Request are properly subject to judicial notice.
22  2.   Plaintiffs are political committees (within the meaning of Cal. Gov't Code
23  § 82013) who make "independent expenditures" in support of or against candidates for
24  elective office.
25  3.   Plaintiffs are independent; they do not coordinate their efforts with any
26  candidate or campaign committee.
27  4.   Section 1.114(c)(1) of the CFRO bars anyone from giving more than $500 a
28  year to any one committee making independent expenditures in San Francisco elections.

1  Section 1.114(c)(2) bars anyone from giving more than an aggregate of $3,000 a year to all
2  committees making independent expenditures.  Both make it unlawful for committees to
3  accept contributions in excess of those limits.  Under CFRO regulation 1.114-2(a)(2), a
4  person can give and a committee can receive contributions that exceed the limits set forth in
5  Section 1.114(c), but the committee is expressly forbidden from using amounts in excess of
6  the limits to fund independent expenditures.

7       5.     In 1999, Judge Wilken enjoined an earlier and substantially similar
8  ordinance to the one challenged here.  *See San Franciscans for Sensible Government v.*
9  *Renne*, No. C-99-02456-CW (N.D. Cal. 1999).  The next year, Defendant Ethics
10 Commission put Proposition O on the ballot, which when passed by the voters, was
11 codified in what has become Section 1.114(c).

12      6.     A party seeking a preliminary injunction must show "either (1) a
13 combination of probable success on the merits and the possibility of irreparable injury or
14 (2) that serious questions are raised and the balance of hardships tips sharply in its favor."
15 *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 602
16 (9th Cir. 1991) (internal quotes omitted).  Under either test, Plaintiffs are entitled to a
17 preliminary injunction.

18      7.     Plaintiffs have demonstrated a substantial likelihood of success on the merits
19 because the provisions they challenge violate Plaintiffs' constitutional rights.  Under
20 controlling Ninth Circuit precedent, limits on contributions to independent expenditure
21 committees such as Plaintiffs are subject to strict scrutiny because they "place a substantial
22 burden on protected speech (*i.e.*, barring expenditures) . . . ."  *Lincoln Club v. City of Irvine,*
23 292 F.3d 934, 939 (9th Cir. 2002).  Judges Ware and Jenkins of this Court applied strict
24 scrutiny in enjoining limits on independent expenditure committees analogous to those at
25 issue here.  *See San Jose Valley Chamber of Commerce PAC v. City of San Jose,* No. C 06-
26 04252-JW, 2006 WL 3832794 (N.D. Cal. Sept. 20, 2006) ("*COMPAC*"), (preliminary
27 injunction), appeal docketed, USCA No. 06-17001 (9th Cir. Oct. 25, 2006); *OakPAC v.*
28

1  *City of Oakland*, No. 06-CV-06366-MJJ, Dkt. 21 (N.D. Cal. Oct. 19, 2006) (temporary restraining order).

8. Because Section 1.114(c), as implemented by Reg. 1.114-2(a)(2), operates as a direct restraint on independent expenditures by political committees, the Court subjects it to strict scrutiny, requiring Defendants to show that Section 1.114(c) is narrowly tailored to serve a compelling government interest. *COMPAC*, 2006 WL 3832794, at *6 (citing *ACLU v. Heller*, 378 F.3d 979, 992-93 (9th Cir. 2004)).

9. Section 1.114(c) does not serve a compelling government interest. On its face, the Ordinance does not explain the purpose behind Section 1.114(c). The only colorable government interest that Defendants can proffer is preventing the corruption of candidates for public office, or the appearance of corruption. *See* CFRO § 1.100(b)(7) (general purpose section of CFRO). But because independent expenditures must, by definition, be conducted without the input or knowledge of candidates or their campaigns, there is no basis for limits on contributions to independent expenditure committees under an anti-corruption rationale. In *FEC v. Nat'l Conservative PAC*, 470 U.S. 480, 501 (1985), the Supreme Court rejected the notion that independent expenditures by political committees can be linked to candidate corruption or the appearance thereof. Preventing corruption and the appearance of corruption only justifies the regulation of campaign activity coordinated with candidates, not the independent activities of political committees, because "the absence of prearrangement and coordination undermines the value of the expenditure to the candidate and thereby alleviates the danger that expenditures will be given as a quid pro quo for improper commitments from the candidate." *Id.* at 497-98; *see also California Medical Association v. FEC*, 453 U.S. 182, 203 (1981) ("In contrast, contributions to a committee that makes only independent expenditures pose no such threat [of corruption].") (Blackmun, J., concurring).

10. Even if Section 1.114(c) did serve a compelling government interest, it would still fail the First Amendment's strict scrutiny analysis because it is not narrowly tailored. As the Supreme Court has warned, "[w]here at all possible, government must

curtail speech only to the degree necessary to meet the particular problem at hand, and must avoid infringing on speech that does not pose the danger that has prompted regulation." *FEC v. Mass. Citizens for Life*, 479 U.S. 238, 265 (1986).  While Section 1.114(c) places no limits on the amount an individual can spend on candidate advocacy from his or her own funds, it bars individuals from pooling their money and spending more than $500 apiece supporting or opposing a City candidate.  See *NAACP v. Alabama*, 357 U.S. 449, 460 (1958) ("Effective advocacy of both public and private points of view, particularly controversial ones, is undeniably enhanced by group association.").  The result is that the ordinance actually favors the political speech of wealthy individuals over those of more modest means.  San Francisco's limits apply to committees that make independent expenditures of only $1,000 or more in a calendar year, so the limits apply to nearly any group that wants to have a voice in an election.  And the limits apply to committees making any sort of expenditure that "supports or opposes" a candidate for City office.  Such limits are "fatally overbroad," and amount to a "wholesale restriction of clearly protected conduct."  *FEC v. Nat'l Conservative PAC*, 470 U.S. 480, 498, 501 (1985) (striking down a $1000 independent expenditure limit).

11.    Plaintiffs have established that they would suffer the possibility of irreparable injury if the Court did not grant the relief they seek, satisfying the second criterion of the first test for granting a preliminary injunction.  The standard for establishing irreparable injury when First Amendment freedoms are at stake is low.  "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."  *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002); *S.O.C., Inc. v. County of Clark*, 1522 F.3d 1136, 1148 (9th Cir. 1998); *Brown v. Cal. Dept. of Transportation*, 260 F. Supp. 2d 959, 968 (N.D. Cal. 2003).  Plaintiffs have demonstrated that the City's limits impose and have imposed a substantial burden on Plaintiffs' ability to make independent expenditures and therefore engage in political speech.  Declaration of Nathan Nayman ¶¶ 19-23; Declaration of Marc L. Intermaggio ¶¶ 18-22.  Violating Section 1.114(c) could

1  result in six months in jail, $5,000 in criminal fines, and three times the amount received in
2  excess of the limits in civil and administrative fines, for each violation.  *See* CFRO § 1.170.
3  These facts establish that Plaintiffs have suffered and will continue to suffer "irreparable
4  injury" if the Court does not grant the relief they seek.

5    12. Plaintiffs also satisfy the second, alternate test for a preliminary injunction,
6  namely, that serious questions of law have been raised and that the balance of hardships tips
7  in their favor.  The questions raised by Plaintiffs' claims are serious.  Indeed, as described,
8  every court to consider limitations analogous to those imposed here has struck them down.

9    13. The balance of hardships also tips in Plaintiffs' favor.  The impact of Section
10 1.114(c) on Plaintiffs is substantial, especially in light of the fact that, as stated, the
11 deprivation of First Amendment rights, even for a short period of time, constitutes an
12 irreparable injury under controlling court decisions.  In contrast, Defendants face no
13 comparable harm resulting from an injunction.  Its generalized interest in enforcing its laws
14 cannot trump Plaintiffs' interests when the law in question is constitutionally suspect.

15   14. Based on the arguments presented by the parties, the Court finds that
16 Plaintiffs have no adequate remedy at law to secure the rights to speech secured to them by
17 the First Amendment.  Unless this court enjoins Defendants from enforcing Section
18 1.114(c), Plaintiffs and other persons who desire to exercise their rights of speech and
19 association in the November 2007 election, but are limited in doing so, will be irreparably
20 damaged.

21   15. Under Federal Rule of Civil Procedure 65(c), parties seeking injunctive
22 relief are required to post a bond with the Court, "in such sum as the court deems proper."
23 "In noncommercial cases, however, courts should consider the hardship a bond requirement
24 would impose on the party seeking the injunction in addition to the expenses the enjoined
25 party may incur as a result of the injunction."  *Cupolo v. Bay Area Rapid Transit*, 5 F.
26 Supp. 2d 1078, 1086 (N.D. Cal. 1997).  The Court may waive the bond requirement
27 altogether when "the balance of equities weighs overwhelmingly in favor of the party
28 seeking the injunction."  *Id.* at 1086.

1   16.   This is a non-commercial case posing no risk of any added expense for the City as a result of the injunction. In contrast, the financial hardship imposed on Plaintiffs by a bond requirement is severe. Requiring Plaintiffs to post any bond would only leave them with fewer resources to make expenditures in this year's election, thereby curbing political speech.

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for a Preliminary Injunction and enters the following preliminary injunction:

**PRELIMINARY INJUNCTION**

1.   Defendants Dennis J. Herrera, Kamala D. Harris, the San Francisco Ethics Commission and the City and County of San Francisco, together with their officers, agents, servants, employees, attorneys, and those persons in active concert or participating with them who receive actual notice of this Order, are hereby enjoined from enforcing sections 1.114(c)(1) and 1.114(c)(2) of CFRO and Regulation 1.114-2 of the Regulations to CFRO.

2.   This Preliminary Injunction shall remain in effect until dissolved by further order of this Court.

3.   The Court GRANTS Plaintiffs' request that the Court exercise its discretion under Fed. R. Civ. P. 65(c) to waive the requirement that they post a bond during the pendency of this Preliminary Injunction. The Court will not require a bond.

IT IS SO ORDERED.

Dated: _____, 2007          _____
                                    Hon. Jeffrey S. White
                                    United States District Judge