J. GERALD HEBERT
TARA MALLOY
PAUL S. RYAN
THE CAMPAIGN LEGAL CENTER
1640 Rhode Island Ave., NW, Suite 650
Washington, DC  20036
Tel: (202) 736-2200
Fax: (202) 736-2222
tmalloy@campaignlegalcenter.org

*Counsel for Amici Curiae*

DAVID WAGGONER (Bar No. 242519)
3937 17th St.
San Francisco, CA 94114
Tel: (415) 305-7708
dpwaggoner@gmail.com

*Counsel for Amici Curiae*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND AND BUILDING OWNERS and MANAGERS ASSOCIATION OF SAN FRANCISCO INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE, political action committees organized under the laws of California and of the City and County of San Francisco,<br><br>      Plaintiffs,<br><br>  vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, KAMALA K. HARRIS, in her official capacity as District Attorney of the City and County of San Francisco, the SAN FRANCISCO ETHICS COMMISSION of the City and County of San Francisco, and CITY AND COUNTY OF SAN FRANCISCO,<br><br>      Defendants. | Case No. C-07-3199 JSW<br><br>**MOTION OF THE CALIFORNIA CLEAN MONEY CAMPAIGN, CALIFORNIA COMMON CAUSE, CAMPAIGN LEGAL CENTER, CENTER FOR GOVERNMENTAL STUDIES AND DEMOS TO PARTICIPATE AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS** |

The California Clean Money Campaign, California Common Cause, Campaign Legal Center, Center for Governmental Studies and Demos: A Network for Ideas and Action respectfully move this Court for leave to participate in this case as *amici curiae* in support of defendants Dennis J. Herrera, *et al.* ("defendants") in the above-captioned matter and to file the attached Brief *Amici Curiae* in Support of Defendants.

As grounds for this motion, *amici* would show unto the Court that:

1. The California Clean Money Campaign (CCMC) is a non-profit, non-partisan organization whose mission is to build statewide support for public funding of election campaigns in order to achieve an open and accountable government that is responsive to the needs of all Californians. Because public funding programs build on the legal principles underlying all campaign finance regulation, the California Clean Money Campaign leads the Campaign Finance Reform Summit, a coalition of groups statewide that monitor and take positions on campaign finance issues.

2. California Common Cause (CCC) is a nonpartisan, nonprofit citizen's lobbying organization promoting open, honest and accountable government. California Common Cause works against corruption in government and big money special interests. Working with our San Francisco chapter, California Common Cause helped draft and organized to pass Proposition O after reviewing the news log kept by the local chapter showing the problems of apparent corruption in San Francisco local government at the time. Over 1,000 California Common Cause members live in the city and county of San Francisco and have an interest in the outcome of this case since it will affect their daily lives.

3.  The Campaign Legal Center (CLC) is a nonpartisan, nonprofit organization which works in the area of campaign finance law, and participates in state and federal court litigation throughout the nation regarding disclosure, political advertising, contribution limits, enforcement issues, and other campaign finance matters. It also participates in rulemaking and advisory opinion proceedings at the Federal Election Commission (FEC) to ensure that the agency is properly enforcing federal election laws and files complaints with the FEC requesting that enforcement actions be taken against individuals or organizations which violate the law. The CLC has provided legal counsel to parties and *amici* in numerous campaign finance cases at the federal and state court levels, including representing intervening defendants in *McConnell v. FEC*, 540 U.S. 93 (2003). More recently the CLC has participated as an *amicus* in the Supreme Court cases *Randall v. Sorrell*, 126 S.Ct. 2479 (2006), and represented appellants-intervenors in *FEC v. Wisconsin Right to Life*, 551 U.S. ___ (June 25, 2007). The CLC is also representing Senators John McCain and Russell Feingold as *amici* in a series of cases relating to the FEC's interpretation of the Bipartisan Campaign Reform Act: *Shays v. FEC* ("*Shays I*"), 337 F. Supp. 2d 28 (D.D.C. 2004), *motion for stay denied*, 340 F. Supp. 2d 39 (D.D.C. 2004), *aff'd*, 414 F.3d 76 (D.C. Cir. 2005), *reh'g denied*, Oct. 21, 2005; *Shays v. FEC* ("*Shays II*"), 424 F. Supp. 2d 100 (D.D.C. 2006), *motion for further relief filed* (D.D.C. Apr. 3, 2007); and *Shays v. FEC* ("*Shays III*"), No. 06–CV–1247 (D.D.C. summary judgment motion filed, Dec. 8, 2006).

4. The Center for Governmental Studies (CGS) is a nonprofit, nonpartisan 501(c)(3) organization that studies and helps implement innovative approaches to improving social problems and the processes of self-government, including campaign finance reform. It has assisted a number of jurisdictions, including San Francisco, in the drafting and implementation of their campaign finance laws.

5. Demos: A Network for Ideas and Action (Demos) is a non-profit, non-partisan organization whose purpose is to help build a society in which America can achieve its highest ideals. That requires a democracy that is robust and inclusive, with high levels of electoral participation and civic engagement, and an economy where prosperity and opportunity are broadly shared and disparity is reduced. Demos' advocacy in furtherance of these goals includes legal defense of meaningful campaign finance regulations, including the kinds of contribution limits at issue in this case.

6. The present case concerns a challenge brought under the First and Fourteenth Amendments of the Constitution to certain provisions of the San Francisco Campaign Finance Reform Ordinance ("CFRO") and regulations to the CFRO ("CFRO Reg.") that limit contributions to political committees making only independent expenditures in municipal elections. *See* CFRO §§ 1.114(c)(1), (2); CFRO Reg. 1.114-2. The First Amendment implications of limiting contributions to committees making independent expenditures, and the relevance of the Supreme Court's decision in *McConnell* to such committees are key issues in campaign finance law and directly impact the interests and activities of the *amici*.

7. Further, the *amici* have significant experience in this area. Demos is currently serving as counsel for intervenors defending the constitutionality of Vermont's limits on political committees that make independent expenditures. *Landell v. Sorrell*, 118 F. Supp. 2d 459 (D. Vt. 2000), *aff'd in part, vacated in part*, 382 F.2d 91 (2d Cir. 2004), *rev'd and remanded sub nom., Randall v. Sorrell*, 546 U.S. ___, 126 S.Ct. 2479 (2006), *on remand*, No 2:99-cv-146 (D. Vt., motion for entry of judgment filed Oct 11, 2006). The CLC has participated as an *amicus* in two cases considering the regulation of committees making independent expenditures: *North Carolina Right To Life, Inc. ("NCRL") v. Leake*, CA-99-798 (E.D.N.C. Oct. 24, 2001), *aff'd* 344 F.3d 418 (4th Cir. 2003), *vacated by* 541 U.S. 1007 (2004), *remanded to* 482 F. Supp. 2d 686 (E.D.N.C. Mar. 29, 2007), *on appeal* No. 07-1439 (4th Cir., cross-brief filed July 30, 2007), and *San José Silicon Valley Chamber of Commerce Political Action Committee, et al. ("San José COMPAC") v. City of San José, et al.*, No. C 06-04252 JW (N.D. Cal. Sept. 20, 2006), *on appeal*, No. 06-17001 (9th Cir., briefs fully submitted March 28, 2007). The *San José COMPAC* case is currently on appeal to the Ninth Circuit. It is similar to the instant case, and concerns a First and Fourteenth Amendment challenge to the municipal limit of $250 on contributions to political committees making independent expenditures in San José elections. *See* San José Municipal Code § 12.06.310; *see also* Order, *San José COMPAC,* No. C 06-04252 JW (N.D. Cal. Sept. 20, 2006). CCMC, CCC and CGS have for years been deeply involved in the development of campaign finance policy at the municipal and state level.

8. The *amici* believe this brief will assist the Court's understanding of the law governing contribution limits as applied to political committees making independent expenditures in federal, state and local elections. Specifically, the brief will analyze this issue according to the recent *McConnell* decision, an analysis which the Supreme Court specifically directed the Fourth Circuit Court of Appeals to conduct in *NCRL*, which similarly considered contribution limits applied to committees making independent expenditures.[1]

9. Counsel for plaintiffs (Bruce A. Ericson) and counsel for defendants (Jon Givner) have both consented to the *amici* participation of the CCMC, CCC, CLC, CGS and Demos in this case.

10. This filing is timely because this motion and the attached memorandum are being filed on the date that defendants' response to plaintiffs' motion for a preliminary injunction is due. Moreover, participation by *amici* will not delay these proceedings in any way or burden any party.

WHEREFORE, premises considered, the CCMC, CCC, CLC, CGS and Demos respectfully pray that this Court will grant this motion and permit their participation in this case as *amici curiae*. A proposed Order is attached.

---

[1] In *NCRL*, the district court of the Eastern District of North Carolina declared unconstitutional several provisions of North Carolina's campaign finance law, including its contribution limits as applied to committees making only independent expenditures. *See* N.C. Gen. Stat. § 163-278.13. The Fourth Circuit affirmed this decision. The Supreme Court, however, vacated this decision, and remanded the case back to the Fourth Circuit for "further consideration in light of *McConnell v. FEC*." *See* 541 U.S. 1007 (2004) (emphasis added). The Fourth Circuit remanded the case again to the district court, and in March 2007, the district court issued an order, which in effect reaffirmed its earlier 2001 decision and found the contribution limits unconstitutional. *NCRL*, 482 F. Supp. 2d 686 (E.D.N.C. Mar. 29, 2007). The decision has again been appealed to the Fourth Circuit, and is currently in the briefing process.

**Respectfully submitted,**

By /s/ David Waggoner
DAVID WAGGONER, CA Bar No. 242519
3937 17th St.
San Francisco, CA 94114
Tel: (415) 305-7708
dpwaggoner@gmail.com

J. GERALD HEBERT, DC Bar No. 447676
TARA MALLOY, NY Bar No. 4251005
PAUL S. RYAN, CA Bar No. 218212
THE CAMPAIGN LEGAL CENTER
1640 Rhode Island Ave. NW, Suite 650
Washington, DC 20036
Tel: 202-736-2200
tmalloy@campaignlegalcenter.org

*Counsel for Amici Curiae*

**Dated: August 27, 2007**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

COMMITTEE ON JOBS CANDIDATE
ADVOCACY FUND AND BUILDING
OWNERS and MANAGERS
ASSOCIATION OF SAN FRANCISCO
INDEPENDENT EXPENDITURE
POLITICAL ACTION COMMITTEE,
political action committees organized under
the laws of California and of the City and
County of San Francisco,

        Plaintiffs,

  vs.

DENNIS J. HERRERA, in his official
capacity as City Attorney of the City and
County of San Francisco, KAMALA K.
HARRIS, in her official capacity as District
Attorney of the City and County of San
Francisco, the SAN FRANCISCO ETHICS
COMMISSION of the City and County of
San Francisco, and CITY AND COUNTY
OF SAN FRANCISCO,

        Defendants.

Case No. C-07-3199 JSW

**ORDER**

Pending before the Court is a motion by the CALIFORNIA CLEAN MONEY CAMPAIGN, CALIFORNIA COMMON CAUSE, CAMPAIGN LEGAL CENTER, CENTER FOR GOVERNMENTAL STUDIES and DEMOS: A NETWORK FOR IDEAS AND ACTION for leave to appear in this case as *amici curiae* and to file a Brief *Amici Curiae* in Support of Defendants and in Opposition to Plaintiffs' Motion for a Preliminary Injunction. For good cause shown, the motion for leave to participate as *amici curiae* by the California Clean Money Campaign, California Common Cause, Campaign Legal Center, Center for Governmental Studies and

Demos: A Network For Ideas and Action is hereby GRANTED and the brief of *amici curiae* shall be filed in this case.

    This \_\_\_\_ day of August, 2007.

                                          _____
                                          United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion with supporting brief and proposed order have been filed with the Court and served on the parties listed below via the Court's Electronic Case Filing system, pursuant to Local Rules 5-4 (Electronic Case Filings) and 5-5(b) (Manner of Service—Cases Subject to Electronic Case Filing), on this 27th day of August, 2007.

**Attorneys Representing Plaintiffs:**

Frederick K. Lowell
Bruce A. Ericson
Anita D. Stearns Mayo
Marc H. Axelbaum
August O. Stofferahn
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

**Attorneys Representing Defendants:**

Ann M. O'Leary
Chad Andrew Jacobs
Danny Yeh Chou
Wayne Kessler Snodgrass
Office of San Francisco City Attorney
City Hall, Rm. 234
San Francisco, CA 94102

I further certify that a copy of the foregoing motion with supporting brief and proposed order for the Chambers of Judge Jeffrey S. White have been filed with the Office of the Clerk of this Court at the address below via overnight carrier, pursuant to Local Rule 5-1(b) (Extra Copy for Chambers), on this 27th day of August, 2007.

Office of the Clerk
U.S. District Court for the Northern District of California
San Francisco Courthouse

*Amici Curiae* Certificate of Service
Case No. C-07-3199 JSW

450 Golden Gate Avenue
San Francisco, California 94102

/s/ David Waggoner_____
DAVID WAGGONER
3937 17th St.
San Francisco, CA 94114
Tel: (415) 305-7708
dpwaggoner@gmail.com