| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | FREDERICK K. LOWELL #66641 |
| 2 | BRUCE A. ERICSON #76342 |
|   | ANITA D. STEARNS MAYO #142749 |
| 3 | MARC H. AXELBAUM #209855 |
|   | AUGUST O. STOFFERAHN #229957 |
| 4 | 50 Fremont Street |
|   | Post Office Box 7880 |
| 5 | San Francisco, CA  94120-7880 |
|   | Telephone: (415) 983-1000 |
| 6 | Facsimile: (415) 983-1200 |
| 7 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND and BUILDING OWNERS AND MANAGERS ASSOCIATION OF SAN FRANCISCO INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE, political action committees organized under the laws of California and of the City and County of San Francisco, <br><br> Plaintiffs, <br><br> vs. <br><br> DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, KAMALA D. HARRIS, in her official capacity as District Attorney of the City and County of San Francisco, the SAN FRANCISCO ETHICS COMMISSION of the City and County of San Francisco, and CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendants. | No. C-07-3199 JSW <br><br> **SUPPLEMENTAL DECLARATION OF NATHAN NAYMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date:  September 17, 2007 <br> Time:  1:30 p.m. <br> Judge:  Hon. Jeffrey S. White <br> Courtroom:  2 |

700791763v1

Nayman Supp. Decl. ISO Preliminary Injunction Motion
No. C-07-3199 JSW

I, **NATHAN NAYMAN**, declare:

1. I submit this Supplemental Declaration in support of Plaintiffs' Motion for Preliminary Injunction and in reply to Defendants' opposition to that motion. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. As stated in my first declaration (Dkt. 13), I am the Executive Director of Committee on JOBS ("JOBS") and Treasurer of Plaintiff **COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND** (the "JOBS Fund").

3. Defendants' opposition argues that Plaintiffs, if they "wish to maintain their funding levels," can simply raise funds from a greater number of persons than it does at present. Opposition (Dkt. 19), at 8:26-9:3.

4. That is not true of the JOBS Fund. It could not be true unless JOBS were willing to make dramatic changes to its membership, its organizational structure and its mission.

5. JOBS is a coalition of San Francisco's largest employers, dedicated to improving the City's economic vitality. JOBS has less than 50 members and has always had 50 or fewer members. JOBS' by-laws limit it to 50 members.

6. The JOBS Fund accepts contributions only from JOBS' members.

7. JOBS does not wish to change these aspects of its membership, its organizational structure or its mission.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on August 31, 2007, at San Francisco, California.

_/s/ Nathan Nayman_
Nathan Nayman