1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    FREDERICK K. LOWELL #66641
2   BRUCE A. ERICSON  #76342
    ANITA D. STEARNS MAYO #142749
3   MARC H. AXELBAUM #209855
    AUGUST O. STOFFERAHN #229957
4   50 Fremont Street
    Post Office Box 7880
5   San Francisco, CA  94120-7880
    Telephone: (415) 983-1000
6   Facsimile: (415) 983-1200

7   Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  COMMITTEE ON JOBS CANDIDATE              No. C-07-3199 JSW
    ADVOCACY FUND and BUILDING
13  OWNERS AND MANAGERS                      **PLAINTIFFS' OBJECTIONS TO
    ASSOCIATION OF SAN FRANCISCO             DEFENDANTS' EVIDENCE
14  INDEPENDENT EXPENDITURE                  [DKTS. 20-22]**
    POLITICAL ACTION COMMITTEE,
15  political action committees organized    Date:  September 17, 2007
    under the laws of California and of the  Time:  1:30 p.m.
16  City and County of San Francisco,        Judge:  Hon. Jeffrey S. White
                                             Courtroom:  2
17                          Plaintiffs,

18         vs.

19  DENNIS J. HERRERA, in his official
    capacity as City Attorney of the City and
20  County of San Francisco, KAMALA D.
    HARRIS, in her official capacity as
21  District Attorney of the City and County
    of San Francisco, the SAN FRANCISCO
22  ETHICS COMMISSION of the City and
    County of San Francisco, and CITY AND
23  COUNTY OF SAN FRANCISCO,

24
                            Defendants.
25

26

27

28

1    Plaintiffs **COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND** and

2    **BUILDING OWNERS AND MANAGERS ASSOCIATION OF SAN FRANCISCO**

3    **INDEPENDENT EXPENDITURE PAC** ("Plaintiffs") hereby object to the evidence

4    submitted by Defendants in support of their Opposition to Plaintiffs' Motion for

5    Preliminary Injunction.  Specifically, Plaintiffs object to the declaration of Ann M. O'Leary

6    and Exhibits A through O thereto (Dkt. 20); the declaration of John St. Croix and Exhibits

7    A through R thereto (Dkt. 21); and the declaration of Charles M. Marsteller and Exhibits A

8    and B thereto (Dkt. 22).

9    **I.      SPECIFIC OBJECTIONS.**

10   **A.      Objections to declaration of Ann M. O'Leary and Exhibits A through O**

11   **         thereto (Dkt. 20).**

12       Ms. O'Leary is a lawyer in the City Attorney's Office.  Dkt. 20 ¶ 1.  Her declaration

13   attaches a series of newspaper articles, most of which she apparently downloaded from

14   www.SFGate.com (the *San Francisco Chronicle*'s website).  She does not say on what

15   basis she selected these articles and it is not entirely clear for what purpose she offers them

16   as evidence.  She does not state that she has personal knowledge of any of the events

17   portrayed in these articles.  These materials are objectionable on the following grounds.

18       1.   To the extent she offers them for the truth of anything asserted in them, they quite

19            clearly are inadmissible hearsay.  Federal Rules of Evidence ("FRE") 801(c) and

20            802; *Dallas County v. Commercial Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir.

21            1961) ("[A] newspaper article is hearsay, and in almost all circumstances is

22            inadmissible.").  Many of the articles purport to describe the contents of campaign

23            finance reports, but these reports are not attached to the articles or to the declaration.

24            *See* Dkt. 20-4, at 4; 20-6, at 2, 4; 20-7, at 2; 20-8, at 1; 20-9, at 3-4; 20-12, at 3; and

25            20-14, at 2. The declaration fails to present sufficient evidence of the contents of

26            those writings.

27       2.   If these articles are being offered in an attempt to show that the voters of San

28            Francisco enacted Section 1.114(c) to serve an anti-corruption purpose, they are

1     irrelevant and therefore inadmissible.  *See* FRE 402.  There is no indication that

2     these particular 15 articles played any role in the electorate's decision to vote for a

3     wide-ranging campaign initiative that included the creation of a public-financing

4     regime, as well as contribution limits on independent expenditures ("IEs").  These

5     15 articles were published over the course of nearly two years, with two being

6     published *after* Proposition O was approved, and *none* in the eight months

7     preceding the 2000 election.  None of the articles published before the election even

8     mentions that restrictions on contributions for IEs would be on the ballot (although a

9     few articles note that Judge Wilken had recently struck down limits on contributions

10    to IE committees as unconstitutional).  *See* Dkt. 20-6, at 2; 20-7, at 3; 20-9, at 3; and

11    20-14, at 4.  As such, the articles do not have any "tendency to make the existence

12    of any fact that is of consequence to the determination of the action more probable

13    or less probable than it would be without the evidence."  FRE 401.

14  3.  Further, the speculation and improper lay opinion contained in these articles do not

15    demonstrate any actual example of corruption.  The declaration and articles do not

16    demonstrate that the author or sources have any personal knowledge of corruption;

17    they certainly do not reflect whether Ms. O'Leary has personal knowledge of such

18    facts.  They are thus inadmissible under FRE 602 and 701.

19    Defendants cannot boot-strap mere innuendo by reporters or their sources to create

20  evidence of the electorate's supposed perception of corruption.  "[M]edia accounts

21  documenting a vague (though visceral) public cynicism about campaign finance prove too

22  little.  We should not allow generic public dissatisfaction to support the restriction of

23  political speech."  *FEC v. Colorado Republican Fed. Campaign Comm.*, 213 F.3d 1221,

24  1230 n. 6 (10th Cir. 2000), *rev'd on other grounds*, 533 U.S. 431, 437, 458-59 (2001).  The

25  Supreme Court considered this very issue in *FEC v. Nat'l Conservative Political Action*

26  *Comm.*, 470 U.S. 480, 499-500 (1985).  There it concluded that "newspaper articles and

27  polls purportedly showing a public perception of corruption" fall "far short" of the quantum

28  of evidence required to justify a limitation on the independent expenditures of PACs.  *Id.* at

1   499.  It noted that a "tendency to demonstrate distrust of PACs is not sufficient" to show

2   actual or apparent corruption.  *Id.*

3   **B.    Objections to declaration of John St. Croix and Exhibits A through R thereto**

4   **(Dkt. 21).**

5        Mr. St. Croix is Executive Director of the San Francisco Ethics Commission and has

6   served in that position since August 2004.  Dkt. 21 ¶ 2.  That, of course, is roughly four

7   years after the events at issue in this litigation.  He offers no evidence that he had any kind

8   of position with the Ethics Commission or the City during the period in question, 1999-

9   2000.[1]

10      1.   Objections to paragraphs 8 through 24:  In part, Mr. St. Croix makes his declaration

11           as the custodian of records of the Ethics Commission.  Dkt. 21 ¶ 7.  Insofar as he

12           does so, Plaintiffs do not object to his declaration.  But Mr. St. Croix also offers a

13           number of observations as to what happened at various meetings held by the Ethics

14           Commission in 1999 and 2000, and he does so without stating that he attended these

15           meetings or has any personal knowledge of what transpired at these meeting.  *Id.*

16           ¶¶ 8-24.  His purported testimony summarizes documents that speak for themselves,

17           or is based on hearsay, or else lacks any evidentiary basis whatsoever.  Accordingly,

18           his statements regarding Ethics Commission proceedings prior to his employment

19           there should be deemed inadmissible and disregarded.

20      2.   Objections to Exhibits A through N:  Plaintiffs object to these Exhibits on relevance

21           grounds.  The Ethics Commission did not enact Section 1.114(c); the electorate did.

22           The City fails to explain why the records of Ethics Commission proceedings have

23           any bearing on the voters' purported purposes in enacting Proposition O.

24           Legislative history is not relevant in interpreting a statute adopted by initiative; a

25           court must look to the *voters'* intent.  *Robert L. v. Superior Court*, 30 Cal. 4th 894,

26   _____

27   [1]      In contrast to Mr. Marsteller, he does not even assert that he lived in San Francisco
         or observed local politics during the relevant time period.

28

1    904-05 (2003) ("Thus, our court has never strayed from our pronouncement…that

2    'legislative antecedents' 'not directly presented to the voters…are not relevant to

3    our inquiry.'"); *see generally* 7 Witkin, Summary of California Law, Const. Law,

4    § 124, p. 230 (10th ed. 2005). There is no indication that these materials were

5    disseminated to the voters or reviewed by them. The fact that the Ethics

6    Commission may or may not have had particular aims in putting Proposition O on

7    the ballot is irrelevant here. An after-the-fact declaration of intent by a drafter of a

8    proposition for purposes of a subsequent lawsuit is not dispositive of the intent of

9    the voters in enacting the provision. *Kennedy Wholesale v. State Bd. of*

10    *Equalization*, 53 Cal. 3d 245, 250 (1991) (citing *Carman v. Alvord*, 31 Cal. 3d 318,

11    331 n.10 (1982)). Exhibits A through N prove nothing; they should be deemed

12    irrelevant and ruled inadmissible.

13  **C.    Objections to declaration of Charles M. Marsteller and Exhibits A and B**

14    **thereto (Dkt. 22).**

15    Mr. Marsteller was "[b]etween approximately 1997 and 2000" the San Francisco

16    Coordinator for an organization called "Common Cause California." Dkt. 22 ¶¶ 3-5. He

17    says he has lived in the City for 25 years and has "closely observed local campaign

18    practices through that time." *Id.* ¶ 2.

19    Paragraphs 6 through 10 of Mr. Marsteller's declaration purport to recount press

20    clippings he collected and telephone conversations he had during the 1999 and 2000

21    municipal elections. Exhibit A is said to be a log of his press clippings; he does not attach

22    the clippings themselves. He also says he has "records" of his telephone conversations, but

23    he does not attach or purport to describe those records.

24    What he does claim is that his files—which are neither attached nor described

25    except in the most general of terms—"reflected the public discourse in the City regarding

26    funds spent to support or oppose mayoral or supervisorial candidates – most notably

27    independent expenditures funded by wealthy individuals and large businesses in the City –

28    and the perceived corruption that flowed from these expenditures." Dkt. 22 ¶ 9, at 2:26-3:1.

1      Plaintiffs object to this so-called evidence on the following grounds:

2   1.   The City does not attempt to qualify Mr. Marsteller as an expert (in anything).  His

3        opinions and the conclusions he reaches in his declaration, *e.g.* ¶¶ 10, 15, are

4        therefore inadmissible as improper lay opinion.  FRE 701.  Further, the electorate's

5        reasons for enacting Proposition O are beyond Mr. Marsteller's personal knowledge.

6        FRE 602.

7   2.   His description of the opinions of callers to his office, anonymous or otherwise, is

8        inadmissible as hearsay (indeed, double hearsay).  Dkt. 22, ¶ 8.  The Court can

9        scarcely test the veracity of the facts (or opinions) related in those conversations.

10       FRE 802, 805.

11  3.   Exhibit A to his declaration – purportedly a list of newspaper articles – is double

12       hearsay.  It also violates the Best Evidence Rule in that Mr. Marsteller has attached

13       neither the original nor a duplicate of a single one of the articles Exhibit A

14       purportedly summarizes.  *See* FRE 1002-1003.

15  4.   Exhibit B to his declaration is hearsay.  While styled as a memo to the Ethics

16       Commission (with an attached article), it has not been authenticated from the

17       Commission's records.  *See* FRE 803(8).

18  5.   The declaration and exhibits are objectionable as irrelevant to the issue of the

19       electorate's rationale for Proposition O.  *See* Objection #2 to the O'Leary

20       declaration, *supra*.

21  //

22  //

23  //

24

25

26

27

28

1    **II.    CONCLUSION.**

2        The Court should disregard the evidence to which Plaintiffs have objected.  Such

3    evidence provides no constitutionally adequate basis to uphold the Independent Expenditure

4    limitations attacked by this lawsuit.

5        Dated:  August 31, 2007.

6                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     FREDERICK K. LOWELL
7                                    BRUCE A. ERICSON
                                     ANITA D. STEARNS MAYO
8                                    MARC H. AXELBAUM
                                     AUGUST O. STOFFERAHN
9                                    50 Fremont Street
                                     Post Office Box 7880
10                                   San Francisco, CA 94120-7880

11
                                     By _____ /s/ Bruce A. Ericson _____
12                                            Bruce A. Ericson

13                                   Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28