United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND and BUILDING OWNERS AND MANAGERS ASSOCIATION OF SAN FRANCISCO INDEPENDENT EXPENDITURE POLITICAL ACTION COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>DENNIS J. HERRERA, KAMALA D. HARRIS, the SAN FRANCISCO ETHICS COMMISSION and CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendants. | No. C 07-03199 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 17, 2007 AT 1:30 P.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing, preferably by Friday, September 14, 2007 at 2:30 p.m., and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

1    The Court **tentatively GRANTS** Plaintiffs' motion for preliminary injunction.

2    The parties shall each have 25 minutes to address the following questions:

3   1.   Plaintiffs claim to be irreparably harmed by the passage of Proposition O. Why did Plaintiffs wait seven years, and several elections, to challenge the constitutionality of the Ordinance? Although the deprivation of guaranteed First Amendment rights constitutes irreparable harm, why did Plaintiffs wait until weeks before the upcoming election to move for an injunction? What, if any, are the legal consequences of the delay?

6   2.   One core issue in this matter is the appropriate level of judicial scrutiny to be applied to the Ordinance.

   a.   Both Defendants and *Amici Curiae* argue that the Ordinance only restricts the source and individual amount of donations to political committees and that Plaintiffs may increase their independent expenditures merely by increasing their donor base. How do Defendants and *Amici Curiae* respond to the Supplemental Declaration of Nathan Nayman, which states that the JOBS' by-laws restrict the number of members to 50 or fewer and that to solicit funds more widely would dramatically change the membership, organizational structure and mission of the committee? How do Defendants distinguish the holding in *Lincoln Club v. City of Irvine*, 292 F.3d 934, 939 (9th Cir. 2002)?

   b.   Both Judges Ware and Jenkins applied strict scrutiny to enjoin limits similar to the ones at issue here. Why should the Court not be persuaded by the reasoning in the opinions within its own district that applied strict scrutiny and that enjoined similar city ordinances?

   c.   Beside the increase in limitations amounts, how was the Ordinance changed to remedy the problems addressed in Judge Wilken's 1999 order granting a preliminary injunction on the first iteration of the subject legislation? How do these changes remedy the constitutional infirmities addressed in her order?

   d.   Isn't the holding in *McConnell v. FEC*, 540 U.S. 93 (2003), distinguishable because the Court there was addressing the possibility of corruption by "soft money" contributions made directly to political parties, not, as here, to independent expenditure committees?

   e.   Although the newspaper articles submitted are not evidence of actual political corruption, are they sufficient to establish the City's interest in protecting the political system from the appearance of or potential for corruption? Are the newspaper articles admissible as evidence of anything at all?

   f.   Do Defendants maintain that the Ordinance would pass constitutional muster under the strict scrutiny standard of review?

3.   If the Court adopts its tentative ruling and grant the preliminary injunction, do Defendants object to waiving the bond or object to the Court imposing a minimal bond? *See Cupolo v. Bay Area Rapid Transit*, 5 F. Supp. 2d 1078, 1086 (N.D. Cal., 1997). If the Court were to impose a bond, what do Defendants contend is the appropriate amount?

2

1  4.  Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: September 13, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE