DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
JONATHAN GIVNER, State Bar #208000
TARA M. STEELEY, State Bar #231775
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4655
Facsimile: (415) 554-4699
E-Mail: tara.steeley@sfgov.org

Attorneys for Defendants


PILLSBURY WINTHROP SHAW PITTMAN LLP
FREDERICK K. LOWELL #66641
BRUCE A. ERICSON #76342
bruce.ericson@pillsburylaw.com
ANITA D. STEARNS MAYO #142749
MARC H. AXELBAUM #209855
marc.axelbaum@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, et al.<br><br>Defendants. | Case No. C07-3199 JSW<br><br>**JOINT STATUS REPORT; [PROPOSED] ORDER** |

JOINT STATUS REPORT; [PROPOSED] ORDER
CASE NO. C07-3199 JSW

# JOINT STATUS REPORT

Pursuant to the Stipulation and Order Staying Litigation Pending the *COMPAC* Appeal, filed October 26, 2007 (Dkt. 51), Plaintiffs Committee on JOBS Candidate Advocacy Fund and Building Owners and Managers Association of San Francisco Independent Expenditure PAC (collectively, "Plaintiffs"), and Defendants Dennis J. Herrera, Kamala D. Harris, the Ethics Commission of the City and County of San Francisco, and the City and County of San Francisco (collectively, "Defendants"), jointly file this Status Report.

In this case, Plaintiffs contend that Sections 1.114(c)(1) and 1.114(c)(2) of the San Francisco Campaign Finance Reform Ordinance ("CFRO"), codified in the San Francisco Campaign and Governmental Conduct Code, and Regulation 1.114-2 of the Regulations to the CFRO, violate the First Amendment to the United States Constitution by imposing limits on contributions to political committees for the purpose of making independent expenditures. Three cases pending in this Circuit present similar issues and may provide guidance for further proceedings in this case: *Long Beach Area Chamber of Commerce et al. v. City of Long Beach* ("*Long Beach* Appeal," USCA Dkt. 07-55691), *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose* ("*COMPAC* Appeal," USCA Dkt. 06-17001), and *OAKPAC, et al. v. City of Oakland and City of Oakland Public Ethics Commission* ("*OakPAC* litigation," N.D. Cal. Case No. 3:06-cv-06366-WHA).

In the *Long Beach* Appeal, Plaintiffs have challenged a provision in the Long Beach Municipal Code that limits contributions to candidates or to committees making independent expenditures supporting or opposing candidates. The district court concluded that the limits violate the First Amendment when applied to the Chamber of Commerce (Order of April 10, 2007 (Dkt. 43), No. CV 06-1497 PSG(RCx) (C.D. Cal.)), but the court upheld the limits as applied to the other plaintiffs in the litigation (Order of July 12, 2007 (Dkt. 63)). Both parties appealed, and the appeal is expected to be fully briefed in mid-January of 2009. The Ninth Circuit has not yet scheduled a date for oral argument.

In the *COMPAC* Appeal, the City of San Jose appealed Judge Ware's order invalidating the city's ordinance limiting contributions to independent expenditure committees. On October 14, 2008, the Ninth Circuit Court of Appeals vacated the judgment and remanded with instructions to dismiss

the case under *Younger v. Harris*, 401 U.S. 37 (1971), based on the pendency of an ongoing San Jose Elections Commission enforcement proceeding against the plaintiffs at the time they filed suit. *See* Slip. Op. 14483-84. Because of its conclusion that the district court should have abstained from adjudicating the merits of the case, the Ninth Circuit expressly noted that it did "not reach the merits of Plaintiffs' constitutional challenges . . . and the district court should not have done so." *Id.* at 14483.[1] On November 3, 2008, the *COMPAC* plaintiffs/appellees filed a Petition For Rehearing and/or For Rehearing En Banc. That Petition is still pending. If either the original panel or an *en banc* panel decides to rehear the appeal, the resulting decision may provide guidance on the First Amendment questions presented in this case.

Finally, in the *OakPAC* litigation, plaintiffs challenged an Oakland ordinance that limits contributions to committees making independent expenditures supporting or opposing candidates. The parties are scheduled to file cross-motions for summary judgment in February, and Judge Alsup is scheduled to hear the motions on April 2, 2009. (06-cv-06366, Dkt. 52 (Case Management Order)).

All three pending cases in this Circuit address similar questions to those presented in this case. In particular, the parties anticipate that the Ninth Circuit's decisions in either *COMPAC* or *Long Beach* may resolve some or all of the central legal issues in this litigation. For that reason, the parties agree that it would be most efficient and would best preserve the interests of judicial economy to continue the current stay. Subject to agreement by this Court, the parties agree that, by May 13, 2009, they will meet and confer to discuss how best to proceed with this case and submit a joint status report or request for a case management conference. The parties agree that no case management conference is necessary at this time.

---

[1] Defendants in this case have not brought any regulatory action against Plaintiffs. Therefore, no *Younger* issues are present in this case.

JOINT STATUS REPORT; [PROPOSED] ORDER
CASE NO. C07-3199 JSW     2

Dated: November 13, 2008

                    DENNIS J. HERRERA
                    City Attorney
                    WAYNE SNODGRASS
                    JONATHAN GIVNER
                    TARA M. STEELEY
                    Deputy City Attorneys

By:   /s/ Tara M. Steeley
      TARA M. STEELEY

Attorneys for Defendants

Dated: November 13, 2008

                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                    FREDERICK K. LOWELL
                    BRUCE A. ERICSON
                    ANITA D. STERNS MAYO
                    MARC H. AXELBAUM

By:   /s/ Marc H. Axelbaum
      MARC H. AXELBAUM

Attorneys for Plaintiffs

## DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B

I, Tara M. Steeley, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatory listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on November 13, 2008, at San Francisco, California.

                    /s/ Tara M. Steeley
                    TARA M. STEELEY

**[PROPOSED] ORDER**

Pursuant to the agreement of the parties set forth in the foregoing Joint Status Report, and good cause appearing, IT IS HEREBY ORDERED that:

1. Unless otherwise ordered by the Court, the Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 37) and the Stipulation and Order Staying Litigation entered by the Court on October 26, 2007 (Dkt. 51) shall remain in effect.

2. By May 13, 2009, the parties shall meet and confer and submit a joint status report or request for a case management conference.

**IT IS SO ORDERED.**

Dated: __November 13, 2008__

_____
Hon. Jeffrey S. White
United States District Judge

JOINT STATUS REPORT; [PROPOSED] ORDER         4
CASE NO. C07-3199 JSW