1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   JONATHAN GIVNER, State Bar #208000
3  TARA M. STEELEY, State Bar #231775
   Deputy City Attorney
4  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
5  San Francisco, California 94102-4682
   Telephone:     (415) 554-4655
6  Facsimile:     (415) 554-4699
   E-Mail:        tara.steeley@sfgov.org
7
   Attorneys for Defendants
8

9  PILLSBURY WINTHROP SHAW PITTMAN LLP
   FREDERICK K. LOWELL #66641
10 BRUCE A. ERICSON  #76342
   bruce.ericson@pillsburylaw.com
11 ANITA D. STEARNS MAYO #142749
   MARC H. AXELBAUM #209855
12 marc.axelbaum@pillsburylaw.com
   50 Fremont Street
13 Post Office Box 7880
   San Francisco, CA  94120-7880
14 Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
15
   Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND, et al.,<br><br>               Plaintiffs,<br><br>     vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, et al.<br><br>               Defendants. | Case No. C07-3199 JSW<br><br>**JOINT STATUS REPORT; [PROPOSED] ORDER** |

JOINT STATUS REPORT; [PROPOSED] ORDER
CASE NO.  C07-3199 JSW

# JOINT STATUS REPORT

Pursuant to the Joint Status Report and Order filed November 13, 2008 (Dkt. 56), Plaintiffs Committee on JOBS Candidate Advocacy Fund and Building Owners and Managers Association of San Francisco Independent Expenditure PAC (collectively, "Plaintiffs"), and Defendants Dennis J. Herrera, Kamala D. Harris, the Ethics Commission of the City and County of San Francisco, and the City and County of San Francisco (collectively, "Defendants"), jointly file this Status Report.

In this case, Plaintiffs contend that Sections 1.114(c)(1) and 1.114(c)(2) of the San Francisco Campaign Finance Reform Ordinance ("CFRO"), codified in the San Francisco Campaign and Governmental Conduct Code, and Regulation 1.114-2 of the Regulations to the CFRO, violate the First Amendment to the United States Constitution by imposing limits on contributions to political committees for the purpose of making independent expenditures. One case pending in this Circuit, *Long Beach Area Chamber of Commerce et al. v. City of Long Beach* ("*Long Beach* Appeal," USCA Dkt. 07-55691), presents similar issues and may provide guidance for further proceedings in this case.

In the *Long Beach* Appeal, the plaintiffs have challenged a provision in the Long Beach Municipal Code that limits contributions to candidates or to committees making independent expenditures supporting or opposing candidates. The district court concluded that the limits violate the First Amendment when applied to the Chamber of Commerce (Order of April 10, 2007 (Dkt. 43), No. CV 06-1497 PSG(RCx) (C.D. Cal.)), but the court upheld the limits as applied to the other plaintiffs in the litigation (Order of July 12, 2007 (Dkt. 63)). Both parties appealed, and the appeal is fully briefed. The Ninth Circuit has not yet scheduled a date for oral argument.

At the time Plaintiffs and Defendants filed their joint status report on November 13, 2008, two other cases were pending in this circuit that presented similar issues to those presented in this case: *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose* ("*COMPAC* Appeal," USCA Dkt. 06-17001) and *OAKPAC, et al. v. City of Oakland and City of Oakland Public Ethics Commission* ("*OakPAC* litigation," N.D. Cal. Case No. 3:06-cv-06366-WHA). In the *COMPAC* Appeal, the City of San Jose appealed Judge Ware's order invalidating the city's ordinance limiting contributions to committees making independent expenditures. On October 14, 2008, the Ninth

JOINT STATUS REPORT; [PROPOSED] ORDER          1
CASE NO. C07-3199 JSW

Circuit Court of Appeals vacated the judgment and remanded with instructions to dismiss the case under *Younger v. Harris*, 401 U.S. 37 (1971), based on the pendency of an ongoing San Jose Elections Commission enforcement proceeding against the plaintiffs at the time they filed suit. *See* Slip. Op. 14483-84. Because of its conclusion that the district court should have abstained from adjudicating the merits of the case, the Ninth Circuit expressly noted that it did "not reach the merits of Plaintiffs' constitutional challenges . . . and the district court should not have done so." *Id.* at 14483.[1]  Judge Ware subsequently entered an Order of Dismissal and a Judgment in favor of the defendants on March 5, 2009. Dkts. 86-87 in 06-cv-04252-JW.

On May 8, 2009, the *COMPAC* plaintiffs filed a Motion for Relief from Dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, arguing that because defendant San Jose Elections Commission imposed a $5,000 fine on plaintiff COMPAC on April 20, 2009, municipal regulatory proceedings were no longer ongoing in the case, and thus the district court no longer needed to abstain under *Younger*. *See* Dkt. 88 in 06-cv-04252-JW. By its Motion, the *COMPAC* plaintiffs seek to have the court vacate its Order of Dismissal and reinstate its original Order and Judgment of September 20, 2006 (Dkts. 45-46 in 06-cv-04252), declaring the independent expenditure restrictions at issue in that case unconstitutional and enjoining their enforcement. The *COMPAC* defendants' Opposition to the Motion is due May 25, 2009. The Motion is set for hearing before Judge Ware on June 15, 2009, at 9am.

In the *OakPAC* litigation, the plaintiffs challenged an Oakland ordinance that limits contributions to committees making independent expenditures supporting or opposing candidates. At the time Plaintiffs and Defendants filed their last Status Report on November 13, 2008, the parties in *OakPAC* had been scheduled to file cross-motions for summary judgment. *See* Dkt. 52 in 06-cv-06366-WHA (Case Management Order). Before receiving a ruling on the summary judgment motions, however, the parties settled the *OakPAC* litigation, entering into a Stipulated Judgment signed by Judge Alsup on March 20, 2009. *See* Dkt. 63 in 3:06-cv-06366-WHA. The parties'

---

[1] Defendants in this case have not brought any regulatory action against Plaintiffs. Therefore, no *Younger* issues are present in this case.

JOINT STATUS REPORT; [PROPOSED] ORDER   2
CASE NO. C07-3199 JSW

Stipulated Judgment requires, *inter alia,* that the defendants not enforce the independent expenditure restrictions at issue in that case. *Id.*

The parties anticipate that the Ninth Circuit's decision in *Long Beach* may resolve some or all of the central legal issues in this litigation. For that reason, the parties agree that it would be most efficient and would best preserve the interests of judicial economy to continue the current stay. Subject to agreement by this Court, the parties agree that, by November 13, 2009, they will meet and confer to discuss how best to proceed with this case and submit a joint status report or request for a case management conference. The parties agree that no case management conference is necessary at this time.

Dated: May 13, 2009

        DENNIS J. HERRERA
        City Attorney
        WAYNE SNODGRASS
        JONATHAN GIVNER
        TARA M. STEELEY
        Deputy City Attorneys

        By: /s/ Tara M. Steeley
        TARA M. STEELEY

        Attorneys for Defendants

Dated: May 13, 2009

        PILLSBURY WINTHROP SHAW PITTMAN LLP
        FREDERICK K. LOWELL
        BRUCE A. ERICSON
        ANITA D. STERNS MAYO
        MARC H. AXELBAUM

        By: /s/ Marc H. Axelbaum
        MARC H. AXELBAUM

        Attorneys for Plaintiffs

JOINT STATUS REPORT; [PROPOSED] ORDER    3
CASE NO. C07-3199 JSW

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Tara M. Steeley, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatory listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on May 13, 2009, at San Francisco, California.

                         /s/ Tara M. Steeley
                         TARA M. STEELEY

JOINT STATUS REPORT; [PROPOSED] ORDER     4
CASE NO. C07-3199 JSW

**[PROPOSED] ORDER**

Pursuant to the agreement of the parties set forth in the foregoing Joint Status Report, and good cause appearing, IT IS HEREBY ORDERED that:

1. Unless otherwise ordered by the Court, the Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 37) and the Stipulation and Order Staying Litigation entered by the Court on October 26, 2007 (Dkt. 51) shall remain in effect.

2. By November 13, 2009, the parties shall meet and confer and submit a joint status report or request for a case management conference.

**IT IS SO ORDERED.**

Dated: May 14, 2009

_____
Hon. Jeffrey S. White
United States District Judge