1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | WAYNE SNODGRASS, State Bar #148137
JONATHAN GIVNER, State Bar #208000
3 | TARA M. STEELEY, State Bar #231775
Deputy City Attorney
4 | City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
5 | San Francisco, California 94102-4682
Telephone:     (415) 554-4655
6 | Facsimile:     (415) 554-4699
E-Mail:        tara.steeley@sfgov.org

Attorneys for Defendants


PILLSBURY WINTHROP SHAW PITTMAN LLP
FREDERICK K. LOWELL #66641
BRUCE A. ERICSON  #76342
bruce.ericson@pillsburylaw.com
ANITA D. STEARNS MAYO #142749
MARC H. AXELBAUM #209855
marc.axelbaum@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND, et al., | Case No. C07-3199 JSW |
|---|---|
| Plaintiffs, | **JOINT STATUS REPORT; [PROPOSED] ORDER** |
| vs. | |
| DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, et al. | |
| Defendants. | |

JOINT STATUS REPORT; [PROPOSED] ORDER
CASE NO.  C07-3199 JSW

**JOINT STATUS REPORT**

Pursuant to the Joint Status Report and the Order filed May 14, 2009 (Dkt. 58), Plaintiffs Committee on JOBS Candidate Advocacy Fund and Building Owners and Managers Association of San Francisco Independent Expenditure PAC (collectively, "Plaintiffs"), and Defendants Dennis J. Herrera, Kamala D. Harris, the Ethics Commission of the City and County of San Francisco, and the City and County of San Francisco (collectively, "Defendants"), jointly file this Status Report.

In this case, Plaintiffs contend that Sections 1.114(c)(1) and 1.114(c)(2) of the San Francisco Campaign Finance Reform Ordinance ("CFRO"), codified in the San Francisco Campaign and Governmental Conduct Code, and Regulation 1.114-2 of the Regulations to the CFRO, violate the First Amendment to the United States Constitution by imposing limits on contributions to political committees for the purpose of making independent expenditures. One case pending in this Circuit, *Long Beach Area Chamber of Commerce et al. v. City of Long Beach* ("*Long Beach* Appeal," USCA Dkt. 07-55691), presents similar issues and may provide guidance for further proceedings in this case.

In the *Long Beach* Appeal, the plaintiffs have challenged a provision in the Long Beach Municipal Code that limits contributions to candidates or to committees making independent expenditures supporting or opposing candidates. The district court concluded that the limits violate the First Amendment when applied to the Chamber of Commerce (Order of April 10, 2007 (Dkt. 43), No. CV 06-1497 PSG(RCx) (C.D. Cal.)), but the court upheld the limits as applied to the other plaintiffs in the litigation (Order of July 12, 2007 (Dkt. 63)). Both parties appealed. The Ninth Circuit held argument on October 28, 2009, but has not issued a decision to date.

At the time Plaintiffs and Defendants filed their joint status report on May 13, 2009, *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose* ("*COMPAC* Appeal," USCA Dkt. 06-17001) also remained pending, but that case has since concluded. In the *COMPAC* Appeal, the City of San Jose appealed Judge Ware's order invalidating the city's ordinance limiting contributions to committees making independent expenditures. On October 14, 2008, the Ninth Circuit Court of Appeals vacated the judgment and remanded with instructions to dismiss the case under *Younger v. Harris*, 401 U.S. 37 (1971), based on the pendency of an ongoing San Jose Elections Commission

1 enforcement proceeding against the plaintiffs at the time they filed suit. *See* 546 F.3d 1087, 1096 (9th Cir. 2008). Because of its conclusion that the district court should have abstained from adjudicating the merits of the case, the Ninth Circuit expressly noted that it did "not reach the merits of Plaintiffs' constitutional challenges . . . and the district court should not have done so." *Id.*[1] Judge Ware subsequently entered an Order of Dismissal and a Judgment in favor of the defendants on March 5, 2009. Dkts. 86-87 in 06-cv-04252-JW. On May 8, 2009, the *COMPAC* plaintiffs filed a Motion for Relief from Dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Dkt. 88 in 06-cv-04252-JW. Judge Ware denied the Motion for Relief from Dismissal on June 10, 2009, but did not reach the First Amendment issues in doing so, ruling that Rule 60(b)(6) did not provide the plaintiffs an avenue for relief because the Motion did not seek to correct an erroneous judgment. *See* Dkt. 94 in 06-cv-04252-JW, at 3.

The parties anticipate that the Ninth Circuit's decision in *Long Beach* may resolve some or all of the central legal issues in this litigation. For that reason, the parties agree that it would be most efficient and would best preserve the interests of judicial economy to continue the current stay. Subject to agreement by this Court, the parties agree that, by May 13, 2010, they will meet and confer to discuss how best to proceed with this case and submit a joint status report or request for a case management conference. The parties agree that no case management conference is necessary at this time.

---

[1] Defendants in this case have not brought any regulatory action against Plaintiffs. Therefore, no *Younger* issues are present in this case.

JOINT STATUS REPORT; [PROPOSED] ORDER   2
CASE NO. C07-3199 JSW

Dated:  November 13, 2009

                                        DENNIS J. HERRERA  
                                        City Attorney  
                                        WAYNE SNODGRASS  
                                        JONATHAN GIVNER  
                                        TARA M. STEELEY  
                                        Deputy City Attorneys


                             By:    /s/ Tara M. Steeley  
                                        TARA M. STEELEY

                                        Attorneys for Defendants


Dated:  November 13, 2009

                                        PILLSBURY WINTHROP SHAW PITTMAN LLP  
                                        FREDERICK K. LOWELL  
                                        BRUCE A. ERICSON  
                                        ANITA D. STERNS MAYO  
                                        MARC H. AXELBAUM


                             By:    /s/ Marc H. Axelbaum  
                                        MARC H. AXELBAUM

                                        Attorneys for Plaintiffs

~~[PROPOSED]~~ **ORDER**

Pursuant to the agreement of the parties set forth in the foregoing Joint Status Report, and good cause appearing, IT IS HEREBY ORDERED that:

1. Unless otherwise ordered by the Court, the Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 37) and the Stipulation and Order Staying Litigation entered by the Court on October 26, 2007 (Dkt. 51) shall remain in effect.

2. By May 13, 2010, the parties shall meet and confer and submit a joint status report or request for a case management conference.

**IT IS SO ORDERED.**

Dated: November 30, 2009

_____
Hon. Jeffrey S. White
United States District Judge

JOINT STATUS REPORT; ~~[PROPOSED]~~ ORDER       5
CASE NO. C07-3199 JSW