THERESE M. STEWART, State Bar # 104930
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
JONATHAN GIVNER, State Bar #208000
TARA M. STEELEY, State Bar #231775
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-4694
Facsimile:   (415) 554-4699
E-Mail:       jon.givner@sfgov.org

Attorneys for Defendants


PILLSBURY WINTHROP SHAW PITTMAN LLP
FREDERICK K. LOWELL, State Bar #66641
BRUCE A. ERICSON, State Bar #76342
bruce.ericson@pillsburylaw.com
ANITA D. STEARNS MAYO, State Bar #142749
MARC H. AXELBAUM, State Bar #209855
marc.axelbaum@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, et al. <br><br> Defendants. | Case No. C07-3199 JSW <br><br> **JOINT STATUS REPORT; [PROPOSED] ORDER** |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated November 5, 2011 (Dkt. 68), Plaintiffs Committee on JOBS Candidate Advocacy Fund and Building Owners and Managers Association of San Francisco Independent Expenditure PAC (collectively, "Plaintiffs"), and Defendants Dennis J. Herrera, Kamala D. Harris, the Ethics Commission of the City and County of San Francisco, and the City and County of San Francisco (collectively, "Defendants"), jointly file this Status Report.

In this case, Plaintiffs contend that Sections 1.114(c)(1) and 1.114(c)(2) of the San Francisco Campaign Finance Reform Ordinance ("CFRO"), codified in the San Francisco Campaign and Governmental Conduct Code, and Regulation 1.114-2 of the Regulations to the CFRO, violate the First Amendment to the United States Constitution by imposing limits on contributions to political committees for the purpose of making independent expenditures. The Court granted Plaintiffs' motion for preliminary injunction on September 20, 2007 (Dkt. 37), and that order has remained in effect since then pursuant to a series of stipulated orders. At the parties' request, the Court stayed the litigation while the Ninth Circuit Court of Appeals considered a case presenting similar issues, *Long Beach Area Chamber of Commerce et al. v. City of Long Beach* ("*Long Beach*," USCA Dkt. 07-55691). As described in the parties' May 12, 2010 status report (Dkt. 61), the Ninth Circuit issued an opinion in *Long Beach* in April 2010, holding that the contribution limit in that case was unconstitutional as applied to some of the plaintiffs, and that the remaining plaintiff lacked standing to challenge the law. *See* 603 F.3d 684 (9th Cir. 2010), *cert. denied*, 79 U.S.L.W. 3176 (U.S. Oct. 4, 2010).

In light of the Ninth Circuit's decision, counsel for Plaintiffs and Defendants initiated discussions regarding potential settlement over the summer, and the Court continued the stay during that period. In its November 5, 2010 order, the Court ordered the parties to file a joint status report by February 11, 2011. The Court further indicated that as of February 11, the stay would be lifted and the case would proceed or be settled. Understanding the Court's deadline, counsel for the parties have engaged in extensive settlement discussions since November and have reached an agreement in principle which counsel anticipate will result in final settlement of this matter in the near future. Counsel for the parties are currently drafting the proposed settlement agreement for approval by the

JOINT STATUS REPORT; [PROPOSED] ORDER      1
CASE NO. C07-3199 JSW

1 | parties.  Settlement agreements involving the City and County of San Francisco generally must be
2 | considered and approved by the City's Board of Supervisors (the "Board").  Because of the Board's
3 | committee process and meeting schedule, that process typically can take four to six weeks after the
4 | parties have agreed on the final terms of the written agreement.

5 | Because counsel have reached a settlement in principle that Defendants' counsel intend to present formally to the Board, the parties believe that proceeding with the litigation would not serve the interests of efficiency or judicial economy.  Accordingly, the parties propose extending the stay until May 11, 2011 to allow them to draft and finalize the agreement and propose it to the Board for approval.  The parties anticipate that if approved by the Court, this will be the final extension of the stay.  By May 11, the parties either will have reached agreement (including approval by the Board), resulting in the dismissal of this action, or will be prepared to proceed.   The parties agree that no case management conference is necessary at this time.

Dated:  February 11, 2011

>                THERESE M. STEWART
>                Chief Deputy City Attorney
>                WAYNE SNODGRASS
>                JONATHAN GIVNER
>                TARA M. STEELEY
>                Deputy City Attorneys
>
>
>          By:     /s/ Jonathan Givner
>                JONATHAN GIVNER
>                Attorneys for Defendants

JOINT STATUS REPORT; [PROPOSED] ORDER        2
CASE NO.  C07-3199 JSW

Dated: February 11, 2011

                PILLSBURY WINTHROP SHAW PITTMAN LLP
                FREDERICK K. LOWELL
                BRUCE A. ERICSON
                ANITA D. STEARNS MAYO
                MARC H. AXELBAUM

                *By:    /s/ Marc H. Axelbaum
                     MARC H. AXELBAUM
                     Attorneys for Plaintiffs

                *Pursuant to GO 45, the electronic signatory has obtained approval from this signatory.

JOINT STATUS REPORT; [PROPOSED] ORDER    3
CASE NO. C07-3199 JSW

**[PROPOSED] ORDER**

Pursuant to the agreement of the parties set forth in the foregoing Joint Status Report, and good cause appearing, IT IS HEREBY ORDERED that:

1. Unless otherwise ordered by the Court, the Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 37) and the Stipulation and Order Staying Litigation entered by the Court on October 26, 2007 (Dkt. 51) shall remain in effect.

2. If the matter has not been voluntarily dismissed pursuant to a settlement agreement by May 11, 2011, the parties shall meet and confer and submit a joint status report or request for a case management conference.  This will be the FINAL extension of time.

**IT IS SO ORDERED.**

Dated: _February 14, 2011_

_____
Hon. Jeffrey S. White
United States District Judge

JOINT STATUS REPORT; [PROPOSED] ORDER            5
CASE NO.  C07-3199 JSW