THERESE M. STEWART, State Bar # 104930
Chief Deputy City Attorney
WAYNE SNODGRASS, State Bar #148137
JONATHAN GIVNER, State Bar #208000
TARA M. STEELEY, State Bar #231775
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:      (415) 554-4694
Facsimile:      (415) 554-4699
E-Mail:         jon.givner@sfgov.org

Attorneys for Defendants

PILLSBURY WINTHROP SHAW PITTMAN LLP
FREDERICK K. LOWELL, State Bar #66641
BRUCE A. ERICSON, State Bar #76342
bruce.ericson@pillsburylaw.com
ANITA D. STEARNS MAYO, State Bar #142749
MARC H. AXELBAUM, State Bar #209855
marc.axelbaum@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMITTEE ON JOBS CANDIDATE ADVOCACY FUND, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City and County of San Francisco, et al.<br><br>        Defendants. | Case No. C07-3199 JSW<br><br>**JOINT STATUS REPORT; [PROPOSED] ORDER** |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated February 11, 2011 ("Order," Dkt. 70), Plaintiffs Committee on JOBS Candidate Advocacy Fund and Building Owners and Managers Association of San Francisco Independent Expenditure PAC (collectively, "Plaintiffs"), and Defendants Dennis J. Herrera, George Gascon, the Ethics Commission of the City and County of San Francisco, and the City and County of San Francisco (collectively, "Defendants"), jointly file this Status Report.

In this case, Plaintiffs contend that Sections 1.114(c)(1) and 1.114(c)(2) of the San Francisco Campaign Finance Reform Ordinance ("CFRO"), codified in the San Francisco Campaign and Governmental Conduct Code, and Regulation 1.114-2 of the Regulations to the CFRO, violate the First Amendment to the United States Constitution by imposing limits on contributions to political committees for the purpose of making independent expenditures. The Court granted Plaintiffs' motion for preliminary injunction on September 20, 2007 (Dkt. 37), and that order has remained in effect since then pursuant to a series of stipulated orders. At the parties' request, the Court stayed the litigation while the Ninth Circuit Court of Appeals considered a case presenting similar issues, *Long Beach Area Chamber of Commerce et al. v. City of Long Beach* ("*Long Beach*," USCA Dkt. 07-55691). As described in the parties' May 12, 2010 status report (Dkt. 61), the Ninth Circuit issued an opinion in *Long Beach* in April 2010, holding that the contribution limit in that case was unconstitutional as applied to some of the plaintiffs, and that the remaining plaintiff lacked standing to challenge the law. *See* 603 F.3d 684 (9th Cir. 2010), *cert. denied*, 79 U.S.L.W. 3176 (U.S. Oct. 4, 2010).

In light of the Ninth Circuit's decision, counsel for Plaintiffs and Defendants initiated discussions regarding potential settlement. At the parties' request, the Court continued the stay as the parties explored settlement. In its Order, the Court instructed the parties to file a joint status report or request for a case management conference by May 11, 2011 and stated that its grant of a further stay of litigation would be a final extension. Dkt. 70.

Counsel for the parties have now finalized a written Settlement Agreement and Proposed Form of Permanent Injunction, and the parties have executed the Settlement Agreement. Under local law and the terms of the proposed agreement, the agreement will not become binding on the parties

unless and until it has been considered and approved by the City and County of San Francisco's Board of Supervisors (the "Board") and Mayor. Counsel for Defendants anticipate submitting the proposed agreement to the Board by May 16, 2011. Because of the Board's committee process and meeting schedule, Board consideration of a proposed settlement agreement typically takes about six weeks after introduction of a written settlement agreement, but the exact timing often varies due to Board procedures and other pending legislative matters.

The parties acknowledge the Court's statement in its February 14, 2011 Order that it was granting a final extension of time, but the parties submit that no case management conference is necessary at this time and will not be necessary in the future unless the Board or Mayor rejects the settlement agreement. Rather, the parties propose that by no later than July 11, 2011, they will submit the Proposed Form of Permanent Injunction for the Court's consideration. If the Board or Mayor do not approve the Settlement Agreement, the parties will submit a joint status report within 7 days of such decision, informing the Court of what they propose to do in light of that decision, but in all events, if the Board and Mayor have not yet finally approved the Settlement Agreement by July 11, 2011, the parties will submit a Joint Status Report at that time.

Dated: May 11, 2011

THERESE M. STEWART
Chief Deputy City Attorney
WAYNE SNODGRASS
JONATHAN GIVNER
TARA M. STEELEY
Deputy City Attorneys


By:   /s/ Jonathan Givner
JONATHAN GIVNER
Attorneys for Defendants

Dated:  May 11, 2011

PILLSBURY WINTHROP SHAW PITTMAN LLP
FREDERICK K. LOWELL
BRUCE A. ERICSON
ANITA D. STEARNS MAYO
MARC H. AXELBAUM


*By: _____/s/ Marc H. Axelbaum_____
MARC H. AXELBAUM
Attorneys for Plaintiffs

*Pursuant to GO 45, the electronic signatory has
obtained approval from this signatory.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [~~PROPOSED~~] ORDER

Pursuant to the agreement of the parties set forth in the foregoing Joint Status Report, and good cause appearing, IT IS HEREBY ORDERED that by no later than July 11, 2011, the parties shall either submit a proposed form of permanent injunction for the Court's consideration pursuant to a final, executed settlement agreement, or if the Board of Supervisors or Mayor do not approve the agreement, submit a joint status report within 7 days of the decision disapproving it, stating what the parties propose to do in light of that decision.  If the Board of Supervisors and Mayor have not yet taken action on the Settlement Agreement by July 11, 2011, the parties shall submit a Joint Status Report at that time.

**IT IS SO ORDERED.**

Dated: _ May 12, 2011          _

_____
Hon. Jeffrey S. White
United States District Judge